IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                              Criminal Action No. 5:96-00065
                                   Civil Action No. 5:96-0296

**SUBHASH V. GAJENDRAGADKAR**,

    Defendant.

<u>**MEMORANDUM OPINION**</u>

    Pending before the court is defendant's motion for return of monies pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") (Doc. No. 3). The United States filed its response to defendant's motion on August 15, 2005. Defendant failed to reply within the time allotted under the Local Rules. Thus, the motion is ripe for decision. Having reviewed the record and applicable law, defendant's Rule 41(g) motion for return of monies is denied because it is barred by the statute of limitations.

**I.  Background**

    In the mid-1990s, defendant was a physician in and around Beckley, West Virginia. (Doc. No. 6 at 1.) In March of 1996, defendant was charged by information with defrauding Medicare, Medicaid, and private health insurance programs. (<u>Id.</u>) Defendant entered into a counseled plea agreement, and on July 1, 1996 pleaded guilty. (<u>Id.</u>) During the plea proceedings,

1

defendant readily admitted the commission of the crimes. (Id.) Defendant was sentenced on September 17, 1996 to a term of imprisonment and was ordered to pay $25,000.00 to Mountain State BlueCross/Blue Shield in restitution, $25,000.00 to Medicare in restitution, a fine of $20,000.00, a special assessment of $100.00, and incarceration costs of $1,734.00 per month. (Doc. No. 3 at 1-2.)

The United States also brought a civil action against defendant, which was resolved by consent judgment order. (Id. at 2.) That order was a condition of defendant's plea agreement and required defendant to pay $200,000.00 to the United States. (Id.)

Sometime thereafter, it was determined that defendant was subject to deportation in addition to his other punishments. (Doc. No. 6 at 2.) Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing that he was not properly advised before entering his guilty plea that he could be deported if convicted. (Id.) On that basis, defendant was permitted to withdraw his guilty plea after this court granted his § 2255 motion. (Doc. No. 3 at 2.) The Fourth Circuit affirmed on July 27, 1998. (Id.) Seven years after the mandate was issued and eight years after the district court ruling, defendant filed this motion pursuant to Rule 41(g).

To date defendant has paid a total of approximately $278,018.00.  (Id. at 3.)  This includes $50,000 paid as restitution, $10,000.00 paid as fines, $100.00 paid as a special assessment, approximately $17,918.00 paid as incarceration costs, and $200,000.00 paid as a civil settlement.  (Id.)  None of this money has been reimbursed to defendant.  (Id.)

## II.  Analysis

In the absence of pending criminal proceedings, a motion for return of property pursuant to Rule 41(g) is a civil action against the United States.  United States v. Jones, 215 F.3d 467, 469 (4th Cir. 2000); United States v. Garcia, 65 F.3d 17, 20-21, n.2 (4th Cir. 1995).  Unless otherwise specifically provided, civil actions against the United States are governed by 28 U.S.C. § 2401.  Eli Lilly & Co. v. EPA, 615 F. Supp. 811, 822 (S.D. Ind. 1985) (stating that 28 U.S.C. § 2401(a) applies to every action brought in the district court against the United States, other than criminal or admiralty proceedings).  The statute provides in part, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401(a).

Under federal law, the cause of action first accrues for statute of limitations purposes when it is sufficiently ripe that one can maintain suit on it.  Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002).  Viewing the evidence in the light most

3

favorable to defendant, this action accrued, at the latest, on the effective date of the appellate mandate, July 27, 1998. Accordingly, a motion for return of property was required to be filed no later than July 27, 2004.  Because defendant's motion was filed a year beyond the statute of limitations, defendant's motion is time-barred.

In addition to the return of the monies paid in connection with his conviction, defendant asserts that he is entitled to the return of monies paid in the civil case.  (Doc. No. 3 at 2.) Defendant cites neither a waiver of sovereign immunity nor a jurisdictional statute in invoking the authority of this court to vacate a consent judgment entered into nearly 10 years ago. Because jurisdiction of actions against the United States for monetary damages in excess of $10,000.00 and those arising out of a contract, is vested with the United States Court of Federal Claims, this court lacks jurisdiction to proceed.  28 U.S.C. §§ 1346, 1491.  In any event, like the claims asserted under Rule 41(g), any potential claims in the civil case are subject to a six year statute of limitations, and are time-barred.  28 U.S.C. § 2501.

"The United States, as sovereign, is immune from suit unless it waives that immunity."  <u>Webb v. United States</u>, 66 F.3d 691, 693 (4th Cir. 1995).  A statute of limitations requiring that suit be brought within a certain time period constitutes a

4

condition on the government's waiver of immunity, and thus, cannot be waived. Id. Defendant's failure to file a timely claim for the return of monies, operates as a complete bar to suit and deprives this court of jurisdiction. See Dugan v. Rank, 372 U.S. 609, 616-17 (1963); Smith v. Cromer, 159 F.3d 875, 879-80 (4th Cir. 1988); J.C. Driskill Inc. v. Abdnor, 901 F.2d 383, 386 (4th Cir. 1990).

### III. Conclusion

This court must deny defendant's motion because it is time-barred by the statute of limitations as to both his criminal and civil penalties. The clerk is directed to strike this action from the court's active docket and to send a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 14th day of February, 2006.

ENTER:

*David A. Faber* (signature)

David A. Faber
United States District Judge